Oscar E. Landstrom, Appellee, v. Armer E. Johnson et al., Appellants.

Gen. No. 8,977.

Opinion
filed September 18, 1935.

GEORGE B. McKIBBIN and WALTER E. BEEBE, both of Chicago, and KARL C. WILLIAMS, of Rockford, for appellants.

WELSH & WELSH, of Rockford, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On January 5, 1935, the plaintiff below, appellee in this court, filed his complaint, making Armer E. Johnson, Benjamin F. Frick, Jr., R. R. Claybaugh, Luther E. Todd, Earl M. Johnston, E. L. Roy, Consolidated Industries Corporation, Free Sewing Machine Company and Landstrom Furniture Corporation defendants. The relief sought was to have the individual defendants, other than Armer E. Johnson, declared to have been wrongfully and unlawfully elected as directors of the Consolidated Industries Corporation and removed as such directors, that they be also removed as voting trustees of the first preferred stock of the Consolidated Industries Corporation and that successors to them as such voting trustees be designated by the court, and that all the individual defendants be temporarily restrained from removing, discharging or voting against the continuance in office of the plaintiff as a director of the said Industries Corporation and as a director and president of the Landstrom Furniture Corporation, and that they, the said individual defendants, as directors of said Industries Corporation, be restrained from calling a meeting of the stockholders of the Landstrom Furniture Corporation and from interfering with plaintiff's conduct of

said offices of such director and such president of said Furniture Corporation. A preliminary injunction as prayed was issued on the day the bill was filed. Thereafter a motion to dissolve the preliminary injunction was heard and denied and thereupon the several individual and corporate defendants answered the complaint and again moved for a dissolution of the temporary injunction. This motion was referred to the master in chancery, who took the proofs and on May 23, 1935, submitted to the court his amended report recommending that the motion to dissolve the temporary injunction be denied. On June 5, 1935, the chancellor entered an interlocutory decree approving the master's report, overruling defendant's motion to dissolve said temporary injunction and continuing the said injunction pending the final hearing of the cause. From this interlocutory decree this appeal has been prosecuted.

The pleadings and proof disclose that in 1927, Consolidated Industries, Inc., an Illinois corporation, was organized and took over all of the assets of the then existing Haddorff Piano Company, the Free Sewing Machine Company, the Rockford Cabinet Company and the Landstrom Furniture Company. In order to finance this merger and consolidation, Consolidated Industries, Inc. executed a trust deed upon the properties acquired by such consolidation, to secure the payment of a bond issue of $1,500,000 executed to the Mississippi Valley Trust Company, as trustee. Thereafter the business of the Consolidated Industries, Inc. was conducted in three divisions, the piano business in the name of Haddorff Piano Company, the sewing machine business in the name of the Free Sewing Machine Company and the furniture business in the name of Landstrom Furniture Company. The plaintiff Landstrom and the defendant Armer E. Johnson are residents of Rockford and had been friends, business associates and stockholders in these several com-

panies for years and each was instrumental in effecting the consolidation and merger of these concerns and it was mutually agreed at the time of the consolidation that Johnson should have the management of the sewing machine and piano divisions and the plaintiff Landstrom should continue in the management of the furniture division of Consolidated Industries, Inc. At this time Landstrom, the plaintiff, became president of Consolidated Industries, Inc. and Armer E. Johnson became vice president and treasurer, and L. I. Johnson, a brother of Armer E. Johnson, was made secretary thereof. Thereafter financial difficulties arose and on December 15, 1931, Consolidated Industries, Inc. defaulted in making the payments then due upon its outstanding bonds and continued in default through the year 1932. In the spring of 1933 foreclosure proceedings were instituted in the United States District Court of the Northern District of Illinois. Appellee, together with appellant, Armer E. Johnson and others interested, including a bondholders' protective committee formulated a plan for reorganization, and as one of the steps in this reorganization plan, a new corporation known as Consolidated Industries Corporation was incorporated under the laws of the State of Delaware in August, 1933, with authority to conduct any line of manufacturing business and to act as a holding company. It was licensed to do business in Illinois and its principal place of business is Rockford. The Landstrom Furniture Corporation and the Free Sewing Machine Company were also organized and each incorporated about the same time under the laws of Illinois and all the stock of both of these last corporations was subscribed for by the Delaware Corporation and it is now the holder and owner of all the capital stock of these subsidiaries. Thereafter a decree of foreclosure and sale was rendered by the United States District Court and in order to carry out the reorgani-

zation plan, Consolidated Industries Corporation acquired the title to the real estate and plants formerly owned by Consolidated Industries, Inc. and it, the said Consolidated Industries Corporation, thereafter executed a trust deed covering such real estate and plants to secure the payment of bonds in the sum of $663,250, and it was these bonds and the first preferred stock of said Consolidated Industries Corporation which were used to satisfy and discharge the said decree of foreclosure. Pursuant to its charter, Consolidated Industries Corporation issued 104,910 shares of first preferred stock, 389,354 shares of second preferred and 13,955 shares of common stock. Appellee is the owner of 103,145 shares of the second preferred stock and 5,732 shares of the common stock. The entire voting power of this corporation until payment of the bond issue amounting to $663,250 and until the retirement of the first preferred stock is vested in the holders of the first preferred stock, and all of this stock was held under a voting trust agreement, which was entered into on October 24, 1933. By the provisions of this voting stock agreement, appellee and the said individual appellants herein became vested with the exclusive power and authority to vote all the preferred stock of Consolidated Industries Corporation. This agreement, to which appellee was a party, authorized a majority of these seven gentlemen to vote all of this stock and at the initial meeting held in 1933, these seven gentlemen, by virtue of this trust agreement, elected themselves directors of Consolidated Industries Corporation, who in turn elected appellant Frick president of this corporation. On the same day they elected the first board of directors of the Landstrom Furniture Corporation, consisting of appellee and four other gentlemen. Appellee was chosen president of the board and he and two other gentlemen were designated to constitute the executive committee. At a meeting on January 16, 1934, one of

the members of the executive committee resigned and Wm. R. Blacklock was elected to fill the vacancy. Blacklock was not a director, but at the time of his election appellee was present and participated and the record of the meeting does not show that he in any way protested. Dissensions among the parties arose and in the fall of 1934, appellant Frick, the president of Consolidated Industries Corporation, wrote appellee that in order to save him, appellee, from future embarrassment, he, Frick, was giving appellee one more opportunity to tender his resignation effective immediately. Appellee did not comply with this request, but instituted this suit.

The proof further disclosed that on June 23, 1933, an agreement was entered into, referred to in the record herein, as the "standstill agreement." This instrument was executed by Consolidated Industries, Inc., by appellee, its then president, The Bondholders' Protective Committee and the Mississippi Valley Trust Company, as trustee. It recited the fact that the foreclosure suit was pending and that the parties thereto desired to work out a plan of reorganization. This agreement then provided for the creation of the corporate appellants herein, Consolidated Industries Corporation and its subsidiaries and it outlined the plan of reorganization. It provided for the transfer of the property to the new corporation, designated the several classes of stock the new corporation would have and specified that the first preferred stock was to have the entire voting power and was to be placed in a voting trust. It further provided that the stock of the Furniture Company and the Sewing Machine Company would be wholly owned by the parent company, Consolidated Industries Corporation and the officers of the subsidiaries would be elected by the new corporation and that appellee would, at the outset, be made president of the new Furniture Company and he would hold office during the pleasure of the new corporation.

So far as the record discloses, every step taken by the voting trustees and directors of Consolidated Industries Corporation was in pursuance of the terms and provisions of this agreement.

Upon the presentation of the complaint to the chancellor, a temporary injunction issued. This complaint alleged that there were only five voting trustees and did not aver that appellee was one of the five. The complaint also failed to make any reference to the so-called "standstill" agreement. Appellants in their answer denied that there were only five voting trustees, alleged that there were seven, naming them, and averring that appellee was one of the seven. The answer also set forth the "standstill" agreement to which appellee was a party. The question, therefore, which is now presented for our determination is not the same as was presented to the chancellor when the preliminary injunction was granted.

By this proceeding, appellee seeks to recover a decree finding that his associate directors and his associate voting trustees were wrongfully and unlawfully elected and for an order removing them as such directors and such trustees. From the facts as they appear in this record, this relief cannot be granted inasmuch as the individual defendants whom appellee seeks to remove were designated as voting trustees by the same instrument which named appellee and to which he and they each assented. And those whom he now seeks to remove as directors were elected directors at the same time appellee was elected, and he, appellee, participated in such election and voted for them as well as himself. The only other relief appellee seeks is an injunction restraining his associates from calling a stockholders' meeting of the Furniture Corporation and restraining his associates from removing him as a director and president of that company. Appellee concedes that the stock of the Furniture Corporation is rightfully held by Consolidated Industries Corpora-

tion, and he claims no contract which gives him any vested title either to the office of director or president of the Furniture Corporation. His contention, however, is that his associates, as voting trustees, elected themselves to the office of directors and as directors they are fiduciaries and hence bound to act in the strictest good faith in caring for and managing the property of the corporations of which they are directors. He then insists that his associates violated such fiduciary obligations by interfering with him as president of the Furniture Corporation, and by unlawfully substituting a wholly inefficient management for an efficient one.

In support of this contention, counsel state that the furniture division of Consolidated Industries Corporation was developed and built up by appellee, that prior to the depression he had been very successful and his company occupied an enviable position in the furniture world, that his name was connected with it and naturally he was very much interested and deeply concerned in the problem of saving and rehabilitating it, that although all the capital stock of the furniture company is owned by Consolidated Industries Corporation, he, appellee, as a minority owner of second preferred and common stock, does have an indirect interest therein and unless his interest is such as appeals to a court of equity, he is powerless to prevent the business being wrecked by an inexperienced and by an inefficient management. As evidence of what his associates propose to do, appellee insists that Blacklock, after his election by the directors as comptroller of Consolidated Industries Corporation, was sent by them to Rockford to check the subsidiary companies and to keep the directors informed concerning the financial situation of the Landstrom Furniture Corporation and the Free Sewing Machine Company; that he, Blacklock, thereafter began to assume and take over the management of the Furniture Corpora-

tion, and that to do so was a part of the scheme and method of the defendants to take the management of this corporation out of the hands of appellee and place it in the hands of someone else.

In this connection, however, it should be borne in mind that the entire voting power and all powers of direction and management of the Consolidated Industries Corporation, which included the power to elect directors of the Landstrom Furniture Corporation, were vested in the majority of the directors of the Consolidated Industries Corporation. All the stock held by appellee is nonvoting stock and while he may now be in a position where he is utterly helpless so far as any voting power is concerned, still he was a party to the voting trust agreement as well as a party to the so-called ''standstill'' agreement and went along with his associates in the reorganization plan and participated in every act of the voting trustees. From the facts as they now appear in this record, he must be held to be estopped to complain of anything for which he voted as such trustee and is likewise bound by the terms and provisions of the standstill agreement and is estopped to question any of its legal provisions. His counsel concede this to be true.

We do not find in the record any evidence to substantiate counsel's statement that appellee's associates have in any way violated their fiduciary obligations as directors or that they have illegally interfered with the business or management of the Furniture Corporation. The board of directors of the Furniture Corporation elected its officers and were given the power by its by-laws to designate an executive committee and the appointment of Blacklock as a member thereof was approved by appellee. If the officers of this corporation did not efficiently perform their respective duties, the directors, of which appellee was one, were chargeable therewith,

Counsel for appellee cite *Moroney v. Allman,* 271 Ill. App. 336, and call our attention to that portion of the opinion which quotes from 22 Cyc. 751, where it is said: "It is not sufficient ground for refusing a preliminary injunction that it is not absolutely certain that complainant has the right that he claims or that the injury feared will occur; and even though complainant's right to permanent relief is doubtful, it may be proper to maintain the *status quo* pending the determination of his right, the issuance of a temporary injunction in such cases depending chiefly upon the relative inconvenience to be caused the parties." There are many instances where the *status quo* should be maintained pending a final determination of the issues involved in a given proceeding, but in the instant case the record discloses that appellee participated in all the reorganization proceedings, participated in all corporate matters of the Furniture Corporation and Consolidated Industries, voted for all officers of both corporations and has shown no right now to prevent or postpone the election of directors of the Furniture Company by the directors of Consolidated Industries Corporation.

The responsibility for the management of all the corporations involved herein is in their several boards of directors and it is fundamental that courts of equity in the absence of fraud will not seek to control the internal affairs of any corporation at the instance of a minority stockholder, and whether appellee can or cannot operate the Furniture Corporation profitably, cannot, under the facts as disclosed by this record, be a concern of a court of equity.

The order of the circuit court denying appellants' motion to dissolve the temporary injunction is reversed and this cause is remanded to the circuit court of Winnebago county with directions to dissolve the temporary injunction.

*Reversed and remanded with directions.*